J-S30041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
WILLIAM ROBERT DOLPH :
:
Appellant : No. 551 EDA 2022

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000041-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
WILLIAM ROBERT DOLPH :
:
Appellant : No. 552 EDA 2022

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000158-2021

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED JANUARY 31, 2023**

William Robert Dolph (Dolph) appeals[1] from the January 6, 2022

judgment of sentence imposed by the Court of Common Pleas of Wayne

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have consolidated the appeals *sua sponte*. **See** Pa. R.A.P. 513.

County (trial court) following his guilty pleas to driving under suspension, two counts of possession of a controlled substance and possession of drug paraphernalia.[2]  Dolph's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw.  We grant the petition and affirm.

## I.

We glean the following facts from the certified record.  In August 2020, police responded to a report of a suspicious vehicle and located a car stuck on an embankment.[3]  Dolph was sleeping behind the wheel and officers recovered crystal methamphetamine and two loaded syringes from his person.  Dolph's driver's license was suspended at the time as a result of a conviction for driving under the influence (DUI).  In March 2021, law enforcement responded to a call for a welfare check and spoke with Dolph.[4]  He admitted to possessing methamphetamine and officers recovered 6 grams of the narcotic and several syringes from him.

One June 24, 2021, Dolph entered negotiated guilty pleas in both cases.  At Case 41-2021, Dolph pled guilty to driving under suspension, possession

---

[2] 75 Pa.C.S. § 1543(b)(1)(i); 35 P.S. §§ 780-113(a)(16), (32).

[3] Case 41-2021.

[4] Case 158-2021.

of a controlled substance and possession of drug paraphernalia.[5] At Case 158-2021, Dolph pled guilty to possession of a controlled substance.[6] Prior to pleading guilty, Dolph completed a written plea colloquy that explained his trial and appellate rights in detail. At the hearing, Dolph admitted to the facts of each case as described *supra*. The Commonwealth asked him whether he understood the rights he was waiving by pleading guilty, his right to proceed to trial, and the Commonwealth's burden of proving him guilty beyond a reasonable doubt. Dolph testified that he understood those rights. The Commonwealth then asked whether he had been threatened or forced into entering the pleas and Dolph said he had not. The Commonwealth reviewed the maximum penalties for each charge and asked Dolph whether he understood that he could be sentenced to a minimum of 7.5 years of incarceration. He responded that he did. Finally, Dolph testified that he did not have further questions. The trial court accepted the pleas and deferred sentencing for the preparation of a presentence investigation report (PSI).

Prior to sentencing, Dolph filed a motion to withdraw his pleas in both cases. He asserted that he would provide evidence of his innocence through

---

[5] The Commonwealth withdrew charges of altered, forged or counterfeit documents and plates and required financial responsibility. 75 Pa.C.S. §§ 7122(3) & 1786(f).

[6] The Commonwealth withdrew one count of possession of drug paraphernalia. 35 P.S. §§ 780-113(a)(32).

his own testimony if allowed to proceed to trial. He also contended that the recommended sentence was higher than he had anticipated and that he did not understand that he could receive a sentence of 36 to 72 months' incarceration when he entered his pleas.

The trial court held a hearing on the motion prior to sentencing. Dolph testified that counsel told him prior to the plea hearing that he could be sentenced to a minimum of between six and 16 months of incarceration. Based on his prior record score (PRS) as a repeat felon (RFEL), his sentencing recommendation was 18 to 36 months of incarceration on each case. He testified that he would agree with that recommendation if the sentences were concurrent but the Commonwealth was requesting consecutive sentences. Finally, he said that he had not received discovery in Case 158-2021 until after he entered his plea, at which point he learned that some of the evidence recovered during his arrest was not logged into evidence.

On cross-examination, he admitted that he had 19 prior criminal convictions and was familiar with the criminal justice process. He acknowledged that he had executed a guilty plea colloquy that listed the maximum sentences prior to entering his pleas. He said he was told that he would not receive the maximum sentences and that he wanted to withdraw his pleas because the sentencing recommendation was so high. He agreed that he knew when he entered the pleas that the trial court had the authority to combine multiple sentences.

Regarding the missing evidence in Case 158-2021, the Commonwealth asked Dolph if he was acknowledging that he had possessed the narcotics in that instance. Dolph replied, "Oh yeah I had a lot of drugs but that's what I'm saying half of them came up missing, where did the other half of them go that they caught me with?" Notes of Testimony, 1/6/22, at 9. He continued, "[t]hey didn't turn them all in. . . . So they either took it and sold it or smoked it or whatever they wanted to do with it but half of it, more than half of it, came up missing. It didn't get all turned in." *Id.* at 9-10.

The trial court denied the motion and the parties proceeded immediately to sentencing. The Commonwealth requested the recommended sentence of 18 to 36 months' incarceration in each case, imposed consecutively, based on Dolph's lengthy criminal history and addiction. Dolph argued that he was 55 years old and had struggled with drug and alcohol addiction for many years, with many of his prior convictions being drug-related. He also contended that he had numerous health conditions that were also detailed in the PSI. He requested that the trial court impose the recommended sentences concurrently rather than consecutively.

In his allocution, Dolph acknowledged that he had struggled with addiction but contended that he had "never been given a chance for, to help [himself] with the drugs." *Id.* at 14. He stated that programs in jail had not helped him and requested leniency because he had pled guilty in the cases.

The trial court stated that it had reviewed the PSI which detailed Dolph's criminal history of 19 convictions spanning 36 years. His work history was sporadic but he was certified as a mechanic and was currently disabled. The PSI indicated that Dolph had participated in drug treatment while incarcerated and the trial court concluded that he had shown a willingness to seek help for his addictions. It stated that he would be eligible for the State Drug Treatment Program while incarcerated. However, the trial court concluded that consecutive sentences were appropriate because Dolph had pled guilty in two separate cases.

In Case 41-2021, the trial court sentenced him to 18 to 36 months' incarceration for possession of a controlled substance and six to 12 months' incarceration each for driving under suspension and possession of drug paraphernalia. The three sentences were imposed concurrently. In Case 158-2021, the trial court sentenced him to 18 to 36 months' incarceration for possession of a controlled substance, consecutive to the sentence in Case 41-2021. The aggregate sentence was 36 to 72 months of incarceration.

Dolph filed a timely post-sentence motion requesting that his sentences be modified to be imposed concurrently.[7] He cited his age and health issues

---

[7] The tenth day after Dolph's sentencing was Sunday, January 16, 2022. The following Monday was Martin Luther King, Jr. Day, a legal holiday. Dolph timely filed his motion on January 18, 2022. *See* 1 Pa.C.S. § 1908 (excluding Sundays and legal holidays from computations of time).

that had been outlined in the PSI, including colon cancer, heart issues, glaucoma, diabetes, high blood pressure and high cholesterol. He also pointed out that he was already serving a minimum sentence of three years of incarceration for a different case in Lackawanna County.

He also moved to withdraw his guilty pleas. He contended that his pleas were not knowingly, voluntarily or intelligently entered because he had not received discovery in Case 158-2021 until early July 2021 after he had already entered his pleas. He attached a copy of counsel's receipt for discovery confirming that he had received the materials on July 1, 2021, but did not make any specific argument about how the content of the discovery would have altered his decision to plead guilty.

The trial court denied the motion without a hearing and found that the presentence motion to withdraw the pleas had addressed the same issue. Dolph timely appealed and counsel ultimately filed a statement of intent to file an **Anders** brief pursuant to Pa. R.A.P. 1925(c)(4). After our prior remand, counsel has completed the certified record and filed an amended **Anders** brief and petition to withdraw.

## II.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2013). Procedurally, counsel must: (1) petition the court for leave to

- 7 -

withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013). Substantial compliance with these requirements is sufficient to permit withdrawal. *Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015).

Counsel has substantially complied with these procedural mandates. Counsel's brief avers that he reviewed the entire record and concluded that the instant appeal is frivolous. He served a copy of the brief and petition to withdraw on Dolph and attached a copy of the letter he sent to Dolph to his petition to withdraw. *See Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007) (noting that counsel must attach to their withdrawal petition a copy of the letter sent to the client). The letter informed Dolph that he has the right to hire private counsel or file a *pro se* brief. Dolph has filed a *pro se* response to counsel's brief, which we address *infra*.

We now examine the substantive elements of the *Anders* brief. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. *See Santiago*, *supra*, at 361. Counsel's *Anders* brief summarizes the factual and procedural history, identifies two potential issues, and outlines the legal and factual analysis that led counsel to conclude that any appeal would be frivolous. Because counsel has complied with the procedural and substantive requirements of *Anders*, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, *supra*, at 355 n.5.

## III.

### A.

First, counsel addresses the trial court's denial of Dolph's pre- and post-sentence motions to withdraw his guilty pleas.[8] Dolph presented substantially the same arguments in his pre- and post-sentence motions: he contended that the evidence in Case 158-2021 was not properly logged into evidence and provided to him in discovery prior to his plea and that he did not understand the length of the sentence he could receive.

A presentence motion to withdraw a guilty plea must be granted if the defendant offers a fair and just reason to do so and permitting the withdrawal will not cause substantial prejudice to the Commonwealth. *Commonwealth*

---

[8] We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017).

*v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015). Requests to withdraw a plea prior to sentencing should be liberally allowed. *See Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019). When considering such a request, the trial court must determine whether the defendant has made "some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* (quoting *Carasquillo*, *supra*, at 1292).

In contrast, a post-sentence motion to withdraw a guilty plea must demonstrate a "manifest injustice." *Commonwealth v. Kerr*, 180 A.3d 754, 756-57 (Pa. Super. 2018) (quoting *Commonwealth v. Broaden*, 980 A.3d 124, 129 (Pa. Super. 2009)). The trial court must examine the totality of the circumstances in assessing such a claim. *Id.* at 757. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." *Id.* In addition, we have repeatedly stated that these motions are "subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentencing-testing devices." *Id.* at 756 (quoting *Broaden*, *supra*).

The trial court did not abuse its discretion in denying either of Dolph's motions. Regarding the discovery in Case 158-2021, he did not articulate a fair and just reason for withdrawal of his plea prior to sentencing or a manifest injustice to support post-sentence withdrawal. Dolph merely alleged that he received discovery late and that there was a discrepancy in the amount of methamphetamine seized and logged into evidence. As the Commonwealth

pointed out, Dolph's arguments only corroborated his admission to his possession of the substance, which was the sole charge to which he pled guilty in that case.

Moreover, our review of the written colloquy form and the guilty plea hearing reveals that it complied in all respects with our Rules of Criminal Procedure, and Dolph was fully informed of his rights and the maximum possible sentences before entering his plea. **See** Pa.R.Crim.P. 590, *cmt*. Under these circumstances, his surprise at the length of the recommended guideline sentences is insufficient to support withdrawal of the pleas. **See Kerr**, **supra**. There is simply no support in the record for an argument that Dolph entered his plea unknowingly, unintelligently or involuntarily.

Dolph did not articulate any fair and just reason to allow withdrawal of his pleas prior to sentencing, nor did he establish a manifest injustice to support withdrawal after sentencing. **Carrasquillo**, **supra**; **Kerr**, **supra**. Accordingly, we agree with counsel that these issues are frivolous.

**B.**

Next, we consider whether the trial court abused its discretion in denying Dolph's post-sentence motion for reconsideration of his sentences.[9]

_____

[9] Our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

*(Footnote Continued Next Page)*

- 11 -

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). An appellant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely notice of appeal, include a statement of reasons for allowance of appeal pursuant to Pa. R.A.P. 2119(f) in his brief, and raise a substantial question for review. *Id.* Here, Dolph filed a timely post-sentence motion and notice of appeal. Counsel has included a statement pursuant to Pa. R.A.P. 2119(f) in his brief in which he concluded that Dolph could not raise a substantial question regarding the appropriateness of the sentences. We agree.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Clarke*, 70 A.3d 1281, 1286–87 (Pa. Super. 2013)

---

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278–79 (Pa. Super. 2021) (citation omitted).

(citation omitted). Here, Dolph's post-sentence motion requested that the trial court modify the sentences in his two cases to run concurrently because he was in ill health and 55 years old at the time of sentencing.

A challenge to the consecutive imposition of sentences does not raise a substantial question except in "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015) (citation omitted). Here, the sentences imposed on each count fell within the standard range of the sentencing guidelines. Additionally, the trial court imposed the sentences for the three counts in Case 41-2021 concurrently to each other, while the sentences in Case 158-2021 was consecutive to those sentences. Under these circumstances, we cannot conclude that this case presents one of the "most extreme circumstances" in which "the aggregate sentence is unduly harsh." ***Id.*** Because Dolph has not presented or preserved a substantial question regarding the appropriateness of his sentence, any challenge to the discretionary aspects of his sentences is wholly frivolous.[10]

_____

[10] Additionally, the trial court imposed a sentence within the standard range of the sentencing guidelines after hearing Dolph's allocution and considering a PSI. It explained its consideration of his history of addiction and prior convictions before imposing the sentence. It further ensured that Dolph would be eligible for the state drug treatment program during his incarceration. Under these circumstances, we discern no abuse of discretion. ***See Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019) (noting that
*(Footnote Continued Next Page)*

## C.

Next, we address Dolph's *pro se* response to counsel's brief, where he identifies six issues that should entitle him to relief. Many of the issues Dolph raises relate to his counsel's performance in the trial court and on appeal. He contends that his attorney lied to him about the sentences he would receive after pleading guilty, that he should not have been represented by the Public Defender's Office after he had filed grievances with the Disciplinary Board years ago in a prior case, and that evidence was missing in Case 158-2021 and counsel should have raised a challenge to the missing evidence based on misconduct by the Pennsylvania State Police. Because these claims are all based on ineffective assistance of counsel, they must be brought in a petition pursuant to the PCRA and are not cognizable on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (holding that ineffective assistance of counsel claims should generally be deferred to collateral review).

Next, Dolph claims that the trial court was biased against him and could not sentence him impartially because the jurist uses illegal narcotics. There is no basis for this claim in the record and, nevertheless, Dolph did not

---

a standard-range sentence imposed after consideration of a PSI, without more, cannot be considered excessive or unreasonable).

preserve this issue by filing a motion for recusal in the trial court. As a result, it is waived. *See* Pa. R.A.P. 302(a).

Finally, Dolph claims that he received an illegal sentence because he was not granted credit for the ten months he spent in pretrial incarceration related to these cases.[11] The trial court granted Dolph time credit for May 8, 2021 through May 10, 2021, in Case 41-2021 after he was arrested on a bench warrant for failure to appear. After his arrest, he remained incarcerated throughout the pendency of the proceedings.

However, our review of his criminal case docket for Case 1389-2020 in Lackawanna County reveals that Dolph was sentenced to 3 to 6 years' incarceration, to be followed by 3 years of probation, on May 11, 2021, and he began serving his sentence that day. It is well-established that defendants are not entitled to duplicative time credit under multiple sentences. *See Commonwealth v. Davis*, 852 A.2d 392, 400 (Pa. Super. 2004). Because Dolph received credit for the time spent incarcerated from May 11, 2011 onward on his case in Lackawanna County, he is not entitled to credit in the instant cases. No relief is due.

---

[11] "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is de novo and the scope of review is plenary." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citations omitted).

Finally, after independently reviewing the record, we conclude that there are no additional non-frivolous issues that may support the appeal. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to first review the issues raised by counsel and then review the entire record "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated").

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2023